UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD, <br> Plaintiff, | Case No. 1:16-cv-900 |
| vs. | Dlott, J. <br> Litkovitz, M.J. |
| JEREMY EACHES, et al., <br> Defendants. | **ORDER AND REPORT** <br> **AND RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this *pro se* civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the instant action, plaintiff has named the following SOCF correctional staff as defendants: Jeremy Eaches; Lt. Haywood; G. Grooms; C/O Osborne; C/O Combs; Jane Doe nurse; and Major Warren. (*See* Doc. 1, Complaint, at PAGEID#: 7). Plaintiff's claims against the defendants arise from an incident that allegedly occurred at SOCF on May 2, 2016 when defendants Haywood, Eaches and Grooms came to plaintiff's cell and ordered him to "cuff up." (*See id.*, at PAGEID#: 8). Plaintiff alleges that during the incident, defendant Hayood "tore up some of [his] legal documents and threw [his] legal documents around" his cell. (*Id.*). Plaintiff also avers that when he "stuck [his] arms out through the cuff port to be uncuffed," defendant Grooms began "yanking [his] arms through the cuff port" while defendant Eaches sprayed him in the face with pepper spray, stating "this is for filing a lawsuit against my co-workers." (*Id.*).

Plaintiff alleges that following the incident, he was escorted to "disciplinary housing on a false conduct report" without being "decontaminated of the . . . effects of the OC spray" or checked out by medical staff even though he informed defendants Osborne, Combs and

3

Haywood that he was "in need of medical attention and decontamination." (*Id.*). Plaintiff further claims that "Jane Doe medical nurse falsified medical examination report documenting that [he] was checked by her and . . . no injuries noted." (*Id.*, at PAGEID#: 9). Plaintiff also claims that when he brought the matter to defendant Warren's attention by way of an informal complaint, Warren failed "to investigate and/or take corrective action but only stated that the parties involved didn't violate policy." (*Id.*).

As relief, plaintiff seeks $75,000 in damages from each defendant. (*Id.*).

Upon review of the complaint, the undersigned concludes that the following claims for damages against certain defendants in their individual capacities are deserving of further development and may proceed at this early stage in the proceedings:[1] (1) plaintiff's claim against defendants Eaches and Grooms based on the use of excessive force in the incident that allegedly occurred on May 2, 2016 at SOCF; (2) plaintiff's claim against defendants Eaches, Haywood and Grooms for taking actions against him during the May 2, 2016 incident in retaliation for his having filed lawsuits against their fellow co-workers at SOCF; and (3) plaintiff's claims against defendants Osborne, Combs, Haywood and "Jane Doe" nurse for failing to ensure that he was decontaminated and received proper medical care after the pepper-spraying incident. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).

However, to the extent that plaintiff has alleged that the defendants involved in the May

---

[1] It is noted that plaintiff may only bring claims for damages against the defendants in their individual capacities as it is well-settled that claims for damages against defendants in their official capacity are barred from review in § 1983 actions such as this. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

4

2, 2016 incident filed false conduct reports and that the "Jane Doe" nurse falsified a medical examination report following the incident, his allegations are insufficient to state a claim upon which relief may be granted by this Court. The mere filing of an incomplete or false medical report does not state a claim of federal constitutional dimension. *See, e.g., Moore v. Casselberry*, 584 F. Supp.2d 580, 582 (W.D.N.Y. 2008) (dismissing claim against a prison nurse for filing a false medical report in connection with an alleged assault on the prisoner-plaintiff by prison staff); *see also Jones v. Diebel*, No. 12-CV-00994(A)(M), 2014 WL 7642090, at *4 n.6 (W.D.N.Y. Dec. 22, 2014) (Report & Recommendation), *adopted*, 2015 WL 224415 (W.D.N.Y. Jan. 15, 2015); *Rivera v. Tennis*, Civ. Act. No. 1:09-0888, 2010 WL 2838603, at *7 (M.D. Pa. May 20, 2010) (Report & Recommendation), *adopted*, 2010 WL 2838605 (M.D. Pa. July 19, 2010).² Moreover, erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (per curiam) (and cases cited therein) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing."). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S.

---

² It is noted that in *Jones, supra*, 2014 WL 7642090, at *4, the court stated that "even accepting plaintiff's allegation that defendant [prison nurse] . . . falsified his medical records by not recording the full extent of the [plaintiff's] injuries, this would only raise a triable issue of fact as to whether [the nurse] acted with the requisite mental state to support a . . . claim" of deliberate indifference to the plaintiff's serious medical need.

5

472, 485 (1995)). Here, however, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts even remotely suggesting that he was deprived of a protected liberty interest.

Finally, plaintiff has not stated an actionable claim against defendant Warren. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any allegations that Warren actually participated in the use-of-force incident or denial of medical care on May 2, 2016, any claim against him in his supervisory capacity for failing to investigate or take corrective action is simply insufficient to give rise to an actionable § 1983 claim. *Cf. Chappell v. Morgan,* No. 2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report &

6

Recommendation) (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

Accordingly, in sum, plaintiff may proceed with the following claims for damages against certain defendants in their individual capacities: (1) plaintiff's claim against defendants Eaches and Grooms based on the use of excessive force in the incident that allegedly occurred on May 2, 2016 at SOCF; (2) plaintiff's claim against defendants Eaches, Haywood and Grooms for taking actions against him during the May 2, 2016 incident in retaliation for his having filed lawsuits against their fellow co-workers at SOCF; and (3) plaintiff's claims against defendants Osborne, Combs, Haywood and "Jane Doe" nurse for failing to ensure that he was decontaminated and received proper medical care after the pepper-spraying incident. However, it is **RECOMMENDED** that the following claims be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court: (1) plaintiff's claim against defendant Warren for failing to investigate or take corrective action with respect to the May 2, 2016 incident; and (2) any claim based on plaintiff's allegations that the defendants involved in the pepper-spraying incident filed false conduct reports and that the "Jane Doe" nurse falsified a medical examination report following the May 2, 2016 incident. It is **FURTHER RECOMMENDED** that defendant Warren be dismissed as a named defendant in this action.

### IT IS THEREFORE RECOMMENDED THAT:

Defendant Warren be dismissed as a party to this action because plaintiff's allegations against him do not state a claim upon which relief may be granted. In addition, any claim based on plaintiff's allegations that the defendants involved in the pepper-spraying incident filed false conduct reports and that the "Jane Doe" nurse falsified a medical examination report should be dismissed for failure to state a claim.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his causes of action for damages under 42 U.S.C. § 1983 against: (1) defendants Eaches and Grooms in their individual capacities to the extent that plaintiff has alleged those two individuals participated in the use of excessive force in the incident that allegedly occurred on May 2, 2016 at SOCF; (2) defendants Eaches, Haywood and Grooms in their individual capacities to the extent that plaintiff has alleged those individuals took actions against him during the May 2, 2016 incident in retaliation for his having filed lawsuits against their fellow co-workers at SOCF; and (3) defendants Osborne, Combs, Haywood and "Jane Doe" nurse in their individual capacities to the extent that plaintiff has alleged those defendants failed to ensure that he was decontaminated and/or received proper medical care after the pepper-spraying incident. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon the following defendants as directed by plaintiff, with costs of service to be advanced by the United States: Jeremy Eaches; Lt. Haywood; G. Grooms; C/O Osborne; and C/O Combs.

Plaintiff is advised that before service may be issued upon the "Jane Doe" defendant, he

must file a motion to issue service setting forth the identity of that defendant. Plaintiff must also provide updated United States Marshal and summons forms for service on the unknown defendant once her identity is discovered. Plaintiff is therefore **ORDERED** to file a motion to issue service, including updated United States Marshal and summons forms, if and when plaintiff discovers the identity of the "Jane Doe" defendant through discovery. No service will be issued on that defendant unless plaintiff complies with this Order.

      2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

      3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 9/16/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,  
    Plaintiff,

vs.

JEREMY EACHES, et al.,  
    Defendants.

Case No. 1:16-cv-900

Dlott, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc