# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERONE MCDOUGALD,
     Plaintiff,

  vs.

JEREMY EACHES, et al.,
     Defendants.

Case No. 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees.  This matter is before the Court on plaintiff's motion for leave to amend his complaint (Doc. 7), which the Court construes as a motion to supplement the original complaint, not replace it.

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Because defendants have not yet been served in this action, no defendant has answered plaintiff's original complaint or filed a motion under Rule 12.  Thus, plaintiff may amend his complaint as a matter of course and his motion to amend is hereby **GRANTED**.  *See Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (holding that "Rule 15(a) permits a plaintiff to file an amended complaint, without seeking leave from the court, at any time before a responsive pleading is served").

However, plaintiff has been granted leave to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (*See* Doc. 3).  Thus, plaintiff's supplemental complaint is subject

to a *sua sponte* review to determine whether the supplemental complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 (holding that "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the supplemental complaint, plaintiff has named the following prison officials as new defendants: Warden Ron Erdos, Deputy Warden of Operations William Cool, and Institutional Inspector Linnea Mahlman. (*See* Doc. 7 at 1). Plaintiff alleges these defendants were

deliberately indifferent to his safety as evidenced by their failure to adequately respond to the incident of excessive force and denial of medical care that plaintiff alleged in his original complaint. (*See id.* at 1-2). Specifically, plaintiff alleges that these officials failed to investigate this incident and/or failed to refer the incident to the Use of Force Committee. (*See id.* at 2). Additionally, plaintiff alleges that defendant Mahlman violated his First Amendment rights by retaliating against him for filing a grievance concerning these incidents. (*See id.*). The basis for this retaliation claim is that defendant Mahlman denied his grievance "by giving false and technical reasons." (*Id.*).

Plaintiff has not stated an actionable claim against these defendants. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). *See also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, plaintiff must show the officials "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any allegations that these defendants actually participated in the use-of-force

incident or denial of medical care, any claim against them in their supervisory capacities for failing to investigate or take corrective action is simply insufficient to give rise to an actionable § 1983 claim. *Cf. Chappell v. Morgan*, No. 2:15-cv-1110, 2016 WL 738098, at \*4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) (citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002)) (holding that in the absence of any allegation that supervisory prison officials were involved in or encouraged an alleged assault by a correctional employee, the case could not proceed against them based on the theory that they failed to take corrective action after they were notified of the assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016). Accordingly, the supplemental complaint should be dismissed for failure to state a claim upon which relief may be granted.

In sum, plaintiff's motion for leave to supplement the original complaint (Doc. 7) is **GRANTED**.

However, it is **RECOMMENDED** that plaintiff's supplemental complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this matter proceed on his claims against: (1) defendants Eaches and Grooms in their individual capacities to the extent that plaintiff has alleged those two individuals participated in the use of excessive force in the incident that allegedly occurred on May 2, 2016 at SOCF; (2) defendants Eaches, Haywood and Grooms in their individual capacities to the extent that plaintiff has alleged those individuals took actions against him during the May 2, 2016 incident in retaliation for his having filed lawsuits against their fellow co-workers at SOCF; and (3) defendants Osborne, Combs, Haywood and "Jane Doe" nurse in their individual capacities to the extent that plaintiff has alleged those defendants failed to ensure that he was decontaminated and/or received proper

medical care after the pepper-spraying incident.


Date: _2/6/2017_

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,                                        Case No: 1:16-cv-900
        Plaintiff,                                       Dlott, J.
                                                         Litkovitz, M.J.
    vs.

JEREMY EACHES, et al.,
        Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).