UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>Plaintiff,<br><br>vs.<br><br>JEREMY EACHES, et al.,<br>Defendants. | Case No. 1:16-cv-900<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>**ORDER** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to compel (Doc. 19) and plaintiff's subsequent motions for a status update on his motion to compel (Docs. 22, 29) and motion to produce video recordings (Doc. 35), defendants' response in opposition (Doc. 20), and plaintiff's reply memoranda (Docs. 21, 22).

**I. Discovery Background**

Plaintiff filed his motion to compel discovery on November 2, 2017. (Doc. 19). In the motion to compel, plaintiff asks the Court to compel defendants to produce the following: (1) medical protocol B-51 health guidelines for inmates; (2) a medical examination report for May 2, 2016; and (3) DVR camera footage for the K-2 cell 33 showing he was escorted to the J-2 cell 35 and showing when the nurse arrived from 9:50 AM to 10:50 AM. (*Id.*). Plaintiff certifies that he has attempted to confer with counsel for defendants, Assistant Attorney General George Horvath, as required by Fed. R. Civ. P. 37(a), in a letter dated October 19, 2017. (*Id.* at 2).

On November 20, 2017, defendants filed a response in opposition, asserting that an order compelling discovery was not warranted at that time. (Doc. 20 at 1). Defendants represented that they provided plaintiff with the data and documents that he requested. (*Id.* at 2). With

regard to the requested video footage, defendants represented that plaintiff could not watch the video footage under special watch conditions for security reasons. (*Id.* at 1). Defendants indicated that they would provide the Court with a status update regarding plaintiff's ability to view the footage. (*Id.* at 2). In reply, plaintiff admitted that he reviewed the video footage on December 1, 2017. (Doc. 22 at 1). Plaintiff asserted that he was still in need of a ruling on his motion to compel because the camera footage did not show the whole use of force incident in the K-2 housing unit. (*Id.*). Plaintiff asserted that the camera footage did not show "[t]he use of force C/O Combs claim [sic] he used on me once I arrived in J-2 as stated in his use of force incident report." (*Id.*). The Court then ordered defendants to respond to plaintiff's reply memorandum within twenty days. (Doc. 24).

On December 21, 2017, defendants submitted a status report averring that they complied with plaintiff's discovery requests. (Doc. 27). Defendants stated that plaintiff had reviewed the use of force video footage. (*Id.* at 1). Defendants also attached an incident report completed by Correction Officer Combs and explained that the incident report did not mention any use of force occurring in the J-2 block, in contrast to plaintiff's assertion in his reply memorandum. (*Id.* at 2) (citing Doc. 27-1). Defendants also attached a medical report of the incident from May 2, 2016. (*Id.*). Defendants also maintained that plaintiff's complaint made no mention of a use of force in the J-2 unit and no video footage of this alleged incident exists because no use of force was reported in that area. (*Id.*).

On December 22, 2017, plaintiff filed his "motion status update and supplemental motion to compel." (Doc. 29). Plaintiff admits that he reviewed the video footage on December 1, 2017, but contends:

> the color of the camera footage was distorted it was black and white and not the usually [sic] color of other camera footages I view even one I viewed in a 2015

2

incident, so This camera footage was manipulated in a way where it was made Black and white in color so that a clear view of defendants malicious actions want [sic] be clearly captured.

(*Id.*).

On December 28, 2017, defendants submitted a second status report in response to plaintiff's motion for a status update. (Doc. 34). Defendants maintain that although the video footage was in black and white, there is no basis for plaintiff's assertion that the video was manipulated in any manner. (*Id.* at 1). Defendants reassert many arguments from their December 21, 2017 status report, including that any alleged use of force in the J-2 segregation unit was not mentioned in plaintiff's complaint and no video footage of it exists because there is no record of use of force occurring in the J-2 segregation unit. (*Id.* at 2-4). Defendants further represent that they provided plaintiff with a comprehensive response to his first and second request for production of documents on October 31, 2017, which included health examination guidelines, use of force reports, incident reports, medical exam reports, photographs of plaintiff following the OC spray incident, and grievance with disposition documents. (*Id.* at 3). Defendants state that they sent plaintiff these discovery responses again. (*Id.*).

On January 10, 2018, plaintiff filed a motion for an order compelling defendants to produce the video footage. (Doc. 35). Plaintiff asks the Court to compel defendants to produce "(1) the entire moving footage with no skippage [sic], (2) to insure that none of the evidence is skipped, deleted, tampered." (*Id.*).

## II. Resolution

Plaintiff's motion to compel should be denied in its entirety. With regard to the medical protocol guidelines for inmates and the medical examination report from May 2, 2016, defendants represent that they have produced these documents on more than one occasion. (*See*

3

Status Updates, Docs. 27, 34). Defendants also provide the May 2, 2016 medical examination report as an attachment to their status report filed on December 21, 2017. (Doc 27-2). Plaintiff has not shown how defendants' response in producing these documents is deficient. Moreover, in plaintiff's subsequent motions—the motions for a status update and motion for an order compelling production of the video footage (Docs. 22, 29, and 35)—he makes no mention of any outstanding discovery issues regarding the medical protocol guidelines and the May 2, 2016 medical examination report. Accordingly, the Court finds that defendants have fully complied with these two document requests.

With regard to the requested video footage, in his motion to compel, plaintiff asks that defendants be compelled to produce video footage of the "K-2 cell 33 showing he was escorted to the J-2 cell 35 and showing when the nurse arrived from 9:50 AM to 10:50 AM." (Doc. 19). In reply to defendants' response in opposition to his motion to compel, plaintiff admits that he viewed the video footage of the May 2, 2016 incident but it did not show "[t]he use of force C/O Combs claim [sic] he used on me once I arrived in J-2 as stated in his use of force incident report." (Doc. 22). In his motion for a status update and supplemental motion to compel, plaintiff complains that the video footage was in black and white. (Doc. 29). Based on plaintiff's admission that he viewed the video footage and defendants' representation to that effect, the Court finds that defendants have fully complied with this request.

Plaintiff's assertion that the video he viewed did not show any footage in "J-2" and was distorted and in black and white is unfounded. First, plaintiff has only vaguely speculated that the video footage was distorted and has not demonstrated how video footage in color would help him more adequately pursue his claims. Second, as defendants point out, plaintiff's complaint makes no mention of any use of force in the J-2 unit. (*See* Doc. 4). Contrary to plaintiff's

4

assertion in his reply memorandum, Correction Officer Combs' incident report from May 2, 2016 does not describe any use of force in the J-2 unit and rather indicates that he brought plaintiff to the J-2 unit for security control and decontamination. (*See* Doc. 27-1). Moreover, defendants reasonably represent that no video footage from the J-2 unit exists and there was no reason to preserve this footage because there was no record of a use of force on plaintiff in that area. (*See* Doc. 34 at 2-3). Thus, is not clear how any use of force video footage from the J-2 unit is relevant to plaintiff's claims.

For these reasons, plaintiff's motion to compel (Doc. 19), motions for a status update on his motion to compel (Docs. 22, 29), and motion for an order compelling defendants to produce video recordings (Doc. 35) are **DENIED**.

**IT IS SO ORDERED.**

Date: 3/2/18

Karen L. Litkovitz
United States Magistrate Judge