# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff,

vs.

JEREMY EACHES, et al.,
Defendants.

Case No. 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to appoint counsel (Doc. 39) and defendants' response in opposition (Doc. 40). This matter is also before the Court on plaintiff's motion to strike defendant Nurse Stacy Rayburn's answer as untimely (Doc. 46) and defendants' corresponding motion for leave to accept Nurse Rayburn's answer as timely (Doc. 48); defendant Nurse Rayburn's motion for leave to file a supplement to defendants' motion for summary judgment (Doc. 50) and plaintiff's motion for leave to reply to defendant Nurse Rayburn's supplement (Doc. 52); and plaintiff's motion for sanctions (Doc. 45) and defendants' response in opposition (Doc. 49).

## I. Motion to Appoint Counsel

Plaintiff moves for the Court to appoint counsel to represent him because (1) his claims are "so complex and intricate that a trained attorney is necessary," (2) he has tried to recruit counsel with no results, (3) he suffers from mental illness and physical disability (ulcerative colitis), and (4) recruiting counsel would "substantially benefit the court or the parties, potentially affecting the outcome." (Doc. 39).

Defendants oppose plaintiff's motion to appoint counsel, arguing that plaintiff is a frequent filer and "this case's Docket indicates that [plaintiff] is a skilled litigator and frankly sells himself short as one that cannot hold his own in federal as well [sic] Ohio's Court of Claims cases and pleadings." (Doc. 40 at 5). Defendants maintain that plaintiff has not shown that exceptional circumstances exist such that appoint of counsel in this civil matter is warranted. (*Id.* at 7).

Plaintiff's motion for appointment of counsel is denied. The does not require the appointment of counsel for indigent plaintiffs in cases such as this, s*ee Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. The Court also agrees with defendants that plaintiff's filings in this present case and other cases before this Court demonstrate an adequate understanding of the law, including the relevant statutory and constitutional provisions to pursue his claims and the relevant procedural rules, such that an appointment of counsel is unjustified. Therefore, plaintiff's motion to appoint counsel (Doc. 39) is **DENIED**.

## II. Plaintiff's Motion to Strike (Doc. 46) and Defendants' Motion to Accept Nurse Rayburn's Answer as Timely

Plaintiff moves to strike defendant Nurse Stacy Rayburn's answer. (Doc. 46). Plaintiff argues that summons was issued to Nurse Rayburn on December 8, 2017 and she failed to file her answer within 21 days of service as required by the Federal Rules. (*Id.*).

Defendants oppose plaintiff's motion to strike and move the Court to accept Nurse Rayburn's answer as timely. (Doc. 48). Defendants represent that counsel was not provided with a request for representation form and approval ("RFR form") thereof for Nurse Rayburn until February 5, 2018. (*Id.* at 3). The request for representation form was accompanied by a postal service date card indicating that service was executed on Nurse Rayburn on January 29, 2018. (*Id.*). Defendants maintain that plaintiff mistakenly believes that service was executed on December 8, 2017. (*Id.* at 5). Defendants contend that counsel was not aware of service on Nurse Rayburn until the RFR form was received. (*Id.*). Subsequent to receiving the RFR form, counsel filed an answer on Nurse Rayburn's behalf on February 21, 2018. (*Id.*). As such, defendants contend that both good cause and excusable neglect exist for extending the timeline for Nurse Rayburn to file her answer. (*Id.*).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed R. Civ. P. 6(b)(1)(B). Excusable neglect is determined by balancing: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In this case, the Court construes defendant Nurse Rayburn's answer as timely. As an initial matter, plaintiff's argument that service of process was perfected on Nurse Rayburn on December 8, 2017 is inaccurate. On December 8, 2017, the Court ordered that the United States Marshal serve a copy of the original and supplemental complaints, summons forms, and the Court's Order on Nurse Rayburn. (Doc. 25). That same day, summons was *issued* as to Nurse Rayburn and sent to the United States Marshal for service. (Doc. 26). However, as defendants indicate, service on Nurse Rayburn was not *executed* until January 29, 2018. (Doc. 48 at 3). Thus, service of process did not become perfected until January 29, 2018.

Because counsel did not receive Nurse Rayburn's RFR form until February 5, 2018, the Court determines that excusable neglect exists for her failure to file an answer within 21 days of the perfected service date. First, the length of the delay in the filing of Nurse Rayburn's answer is minimal. Service of process was perfected on January 29, 2018, and thus, Nurse Rayburn's answer would have been due within 21 days—on February 19, 2018. Nurse Rayburn filed her answer only two days later—on February 21, 2018. Second, as defendants mention, plaintiff is not prejudiced by this brief delay because Nurse Rayburn's medical exam report was included in defendants' motion for summary judgment that was filed on December 22, 2017 and, thus, plaintiff generally had knowledge of the contents of Nurse Rayburn's answer. (*See* Doc. 28-1). Third, the reason for the brief delay in the filing of Nurse Rayburn's answer was legitimate and no bad faith on the part of Nurse Rayburn exists because she was not formally represented by counsel until the date counsel accepted her RFR form on February 5, 2018. Accordingly, the Court determines that plaintiff's motion to strike Nurse Rayburn's answer (Doc. 46) is **DENIED** and defendants' motion for leave to timely file Nurse Rayburn's answer (Doc. 48) is **GRANTED**. In light of the resolution of the motion to strike, defendant Nurse Rayburn's

motion for leave to file a supplement to defendants' motion for summary judgment (Doc. 50) is **GRANTED** and plaintiff's motion for leave to reply to the supplement (Doc. 52) is **GRANTED**.

### III. Plaintiff's Motion for Sanctions (Doc. 45)

Plaintiff moves the Court to issue sanctions against Assistant Ohio Attorney General George Horvath pursuant to Fed. R. Civ. P. 11. (Doc. 45). Plaintiff argues that Mr. Horvath "submitted a false argument that aint [sic] evidence based in his answer of Nurse Stacy Rayburn with jury trial requested hereon." (*Id.*). Specifically, plaintiff contends that Mr. Horvath falsely presented exhaustion of administrative remedies, *Leaman*, and collateral estoppel defenses. (*Id.*).

Defendants oppose plaintiff's motion, arguing that plaintiff is a frequent litigator and "out of an abundance of caution and a requirement that undersigned properly defend and preserve defenses in these case [sic], defenses are and were raised." (Doc. 47 at 6). Defendants also maintain that plaintiff failed to comply with the safe harbor provision of Fed. R. Civ. P. 11(c)(2) and communicate with counsel before filing his sanctions motion. (*Id.*) (citing *Penn, LLC v. Prosper Business Development Corp.*, 773 F.3d 764 (6th Cir. 2014)).

Rule 11(c)(2) provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

This "safe harbor" provision of Rule 11 "allots the party facing sanctions twenty-one days [after being served under Rule 5] to correct the challenged action before his opponent files a motion for sanctions with the court." *Ruff-El v. Fumble Recovery LLC*, No. 2:12-cv-343, 2013

WL 12131192, at *2 (S.D. Ohio Aug. 16, 2013). *See also Penn, LLC*, 773 F.3d at 767 (holding that a motion for sanctions must be *served* under Rule 5 twenty-one days before filing it with the court). Here, plaintiff's motion for sanctions must be denied because he failed to comport with the requirements of Rule 11 and communicate with the Assistant Attorney General before filing his motion. (Doc. 48 at 8). In addition, plaintiff's motion fails to establish conduct warranting sanctions against the Assistant Attorney General. As counsel for defendant Nurse Rayburn, Mr. Horvath has an obligation to assert "every defense to a claim for relief . . . in the responsive pleading" and thus acted properly in raising the exhaustion, collateral estoppel, and *Leaman* defenses. *See* Fed. R. Civ. P. 12(b). Plaintiff's motion for sanctions (Doc. 45) is therefore **DENIED.**

**IV. Conclusion**

Based on the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's motion to appoint counsel (Doc. 39) is **DENIED.**

2. Plaintiff's motion to strike (Doc. 46) is **DENIED.**

3. Defendants' motion for leave to file as timely defendant Nurse Rayburn's Answer (Doc. 48) is **GRANTED.**

4. Defendant Nurse Rayburn's motion for leave to file a supplement to defendants' motion for summary judgment (Doc. 50) is **GRANTED.**

5. Plaintiff's motion for leave to reply to defendant Nurse Rayburn's supplement (Doc. 52) is **GRANTED.**

6. Plaintiff's motion for sanctions (Doc. 45) is **DENIED.**

Date: 4/5/18

Karen L. Litkovitz
United States Magistrate Judge