# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff,

vs.

JEREMY EACHES, et al.,
Defendants.

Case No. 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that prison officials violated his First and Eighth Amendment rights in relation to an incident where he was pepper sprayed. (Doc. 4). This matter is before the Court on defendants' motion for summary judgment (Doc. 28) and plaintiff's response in opposition (Doc. 36), as well as Nurse Rayburn's motion for summary judgment (Doc. 51) and plaintiff's response in opposition (Doc. 52). This matter is also before the Court on several of plaintiff's motions to file supplemental documents and exhibits in support of his opposition to defendants' motions for summary judgment (Docs. 37, 54, 55). This matter is also before the Court on plaintiff's motion to amend his complaint (Doc. 56) and motion to proceed to judgment (Doc. 57).

## I. Plaintiff's Motions to Amend and File Supplemental Exhibits in Opposition to Defendants' Motion for Summary Judgment (Docs. 37, 54, 55, 56)

Plaintiff seeks to add two declarations as evidence in opposition to defendants' motion for summary judgment and amend his complaint to add penalty of perjury language under 28 U.S.C. § 1746. (Docs. 55, 56). For good cause shown, plaintiff's motions (Docs. 55, 56) are **GRANTED** and the Court will consider these declarations and plaintiff's verified complaint in connection with defendants' motion for summary judgment.

Plaintiff also seeks to supplement his opposition to defendants' motion for summary judgment with unsworn facts and supporting exhibits. (Docs. 37, 54). Plaintiff's motions (Docs. 37, 54) are **DENIED** for two reasons. First, plaintiff merely provides the same exhibits (i.e. use of force report and medical exam reports from May 2, 2016) that defendants have already provided the Court in their motion for summary judgment. Second, plaintiff's unsworn assertions as to the contents and accuracy of these exhibits are not sufficient to withstand defendants' motion for summary judgment. When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). As such, the Court declines to consider these documents.

## II. Procedural Background

Plaintiff was granted leave to proceed *in forma pauperis* and filed his complaint on September 16, 2016. (Docs. 2, 3). On September 16, 2016, the undersigned conducted a *sua sponte* review of plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 5). The Court held that plaintiff could proceed with the follow claims against certain defendants in their individual capacities: (1) plaintiff's claim against defendants Eaches and Grooms based on the use of excessive force in the incident that allegedly occurred on May 2, 2016 at SOCF; (2) plaintiff's claim against defendants Eaches, Haywood, and Grooms for taking actions against him during the May 2, 2016 incident in retaliation for his having filed lawsuits against their fellow co-workers at SOCF; and (3) plaintiff's claims against defendants Osborne, Combs, Haywood, and "Jane Doe" nurse for failing to ensure that he was decontaminated and

received proper medical care after the pepper-spraying incident. (*Id.* at 7). On November 30, 2016, the District Judge adopted the September 2016 Report and Recommendation. (Doc. 6).

Subsequently, on December 12, 2016, plaintiff filed a motion to amend his complaint seeking to add three prison officials as new defendants for their alleged failure to investigate the excessive force incident. (Doc. 7). On February 6, 2017, the undersigned granted plaintiff's motion to amend, which was construed as a motion to supplement the original complaint. (Doc. 9). However, the undersigned conducted a *sua sponte* review of plaintiff's supplemental complaint and recommended that plaintiff's supplemental complaint be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 5). The Court recommended that plaintiff may proceed with the same claims as outlined in the September 2016 Report and Recommendation. (*Id.*). On July 21, 2017, the District Judge adopted the February 2017 Report and Recommendation. (Doc. 18). On December 8, 2017, the Court granted plaintiff's request to serve Stacy Rayburn as a defendant, who plaintiff had previously identified as "Jane Doe" nurse. (Docs. 23, 25).

### III. Facts on Summary Judgment

Plaintiff alleges that on May 2, 2016, between 9:45 and 10:00 a.m., he was sitting in his K-2 cell reading when defendants Haywood, Eaches and Grooms were escorting a fellow prisoner to that prisoner's cell. (Doc. 55-1, ¶ 3). Plaintiff states he was then "randomly selected and informed to cuff up by defendant Grooms." (*Id.*; Doc. 56, ¶ 2). Plaintiff states, "At this time I was cuffed up and walked out of my cell complying with all orders." (Doc. 55-1, ¶ 3). After plaintiff exited his cell, he was told to face the wall. (Verified Complaint, Doc. 4 at 6; Doc. 55-1, ¶ 3). Plaintiff alleges that defendant Haywood entered his cell and tore up some of his legal documents and threw some of his legal documents around. (Doc. 55-1, ¶ 3; Doc. 56 at ¶ 2).

3

Plaintiff alleges he was told by defendant Grooms to go back into his cell and that once he reentered his cell, he "stuck [his] arms out through the cuff port" for uncuffing. (Doc. 4 at 6; Doc. 55-1, ¶ 3). Plaintiff alleges that defendant Grooms started to "yank" his arms through the cuff port to unlock and remove the handcuffs. (*Id.*). Plaintiff alleges that defendant Eaches then sprayed him with pepper spray and stated, "This is for filing a lawsuit against my co-workers." (*Id.*). Plaintiff claims that he was eventually "cuffed back up" and "escorted to J-2 disciplinary housing on a false conduct report." (*Id.*). Plaintiff alleges he was denied decontamination and informed defendants Osborne, Combs, and Haywood that he was in need of medical attention. (*Id.*). Plaintiff alleges that Nurse Rayburn "falsified" her medical examination report by documenting that plaintiff was checked by her and reported he was "ok," and by noting he sustained no injuries. (Doc. 4 at 7; Doc. 56 at 4). Plaintiff alleges that the pepper spray left him unable to breathe and with damaged skin around his eyes. (Doc. 55-1 at 2).

Defendants present evidence that on May 2, 2016, while defendants Haywood and Eaches were talking to another inmate in the cell block, plaintiff began yelling at defendants Eaches and Haywood to get the "fuck away from his cell." Defendants Eaches and Haywood directed plaintiff to stop yelling and uncover the light inside his cell. Plaintiff refused to comply and continued to yell obscenities. Defendant Haywood removed plaintiff from his cell, placed him in handcuffs, and conducted a shakedown of plaintiff's cell to uncover the light. Plaintiff continued to yell obscenities and tried to encourage other inmates in the block to do the same. Plaintiff was again ordered to quiet down but he refused. Plaintiff was then placed back inside his cell. Defendant Grooms began to remove plaintiff's handcuffs when plaintiff turned and spat at defendant Grooms. Defendant Eaches reacted by deploying pepper spray towards plaintiff's

4

face. (Supervisor's Use of Force Summary Report and Use of Force Incident Reports, Doc. 28-1 at 2-8).

Defendants Eaches and Haywood removed plaintiff from his cell and escorted him to J-2 segregation because he continued to be disruptive. (*Id.*). Plaintiff refused a decontamination shower. Plaintiff was examined by defendant Nurse Rayburn at 10:30 a.m. that same day. (Medical Exam Report, Doc. 28-1 at 10). Nurse Rayburn documented in her medical examination report that plaintiff stated, "I'm ok." (*Id.*). The objective physical findings reflect that plaintiff was "alert and oriented x3"; both eyes were red and watering; his face was flushed; and clear nasal drainage was noted to both nares. (*Id.*). No injuries were noted. (*Id.*). Plaintiff was advised to flush all irritated areas with water until the irritation subsides and to follow up with medical staff if needed." (*Id.*).

Plaintiff was charged with violating four inmate rules of conduct, including Rule 6: throwing, expelling, or otherwise causing a bodily substance to come into contact with another; Rule 18: encouraging or creating a disturbance; Rule 21: disobedience of a direct order; and Rule 60: attempting to commit; aiding another in the commission of; soliciting another to commit; or entering into an agreement with another to commit any of the above acts, in connection with an incident in plaintiff's cell block.

On May 4, 2016, a hearing officer reviewed reports relating to the May 2, 2016 incident. Plaintiff pleaded not guilty to violating all four prison rules. The hearing officer referred the matter to the Rules Infraction Board ("RIB"). Plaintiff did not attend the RIB hearing. The RIB panel found plaintiff guilty of violating all four rules and the disposition was affirmed. (Rules Infraction Board Documents, Doc. 28-3).

Defendants have submitted video footage of the May 2, 2016 incident, which portrays the above chronology of events outside of plaintiff's cell. (Doc. 44).

## IV. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present

6

some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### V. Eighth Amendment Excessive Force

#### A. Legal Standard

A convicted prisoner's right to be free from the use of excessive force by a prison official is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). An Eighth Amendment claim has both a subjective and an objective component. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013)). The "core judicial inquiry" on the subjective component is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Excessive

7

force claims must focus "on the nature of the force rather than the extent of the injury. . . ." *Id.* at 34. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the responsible official; and the extent of the injury inflicted. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-321. "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 580-81 (citing *Wilkins*, 559 U.S. at 37). The absence of a serious injury is nonetheless relevant as a factor that suggests whether the use of force may "plausibly have been thought necessary" in a given situation. *Id.* (quoting *Hudson*, 503 U.S. at 7).

The objective component requires the "pain inflicted to be 'sufficiently serious.'" *Cordell*, 759 F.3d at 580 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). Analysis of this element of an Eighth Amendment claim "requires a contextual investigation, one that is responsive to contemporary standards of decency." *Id.* (citations and internal quotations omitted).

**B. Resolution**

Plaintiff has failed to establish a genuine issue of fact on the subjective and objective components of his excessive use of force claim. The undisputed evidence shows that plaintiff was causing a disruption on the cellblock by yelling and using obscenities and trying to urge other inmates to join him. Plaintiff refused orders to quiet down and continued to use obscenities despite direct orders to stop. While plaintiff states he complied with the orders to cuff up and walk out of his cell (Doc. 55-1, ¶ 3), he has presented no evidence to dispute defendants' evidence that he was yelling and using obscenities and refused to obey orders to stop his

8

disruptive behavior, thereby causing a disturbance on the cell block. In addition, the video evidence, while it contains no audio, nonetheless corroborates defendants' reports that plaintiff continued to talk while he was against the wall and before he was returned to his cell. The footage shows plaintiff talking and other inmates waving their arms outside their cell bars while defendant Haywood conducted the search of plaintiff's cell. (Video Footage, Doc. 44 at 3:56-5:14). In addition, plaintiff has presented no evidence to dispute he turned and spat at defendant Grooms while Grooms was attempting to remove plaintiff's handcuffs. In reaction to plaintiff's spitting at defendant Grooms, defendant Eaches delivered a quick burst of pepper spray into plaintiff's cell to gain control over plaintiff. The video shows that after plaintiff was placed back inside the cell and was in the process of being uncuffed by defendant Grooms, defendant Eaches suddenly reacts and deploys a one second burst of pepper spray into the cell. (*Id.* at 5:52-5:53). The absence of serious injury also informs the inquiry on the amount of force used. Contrary to plaintiff's representation, Nurse Rayburn in fact noted plaintiff's eyes were red and watering, his face was flushed, and clear nasal drainage was noted to both nares, but no other injuries were noted. The use of pepper spray by defendant Eaches was in direct response to plaintiff's behavior, including his noncompliance with direct orders and spitting on defendant Combs. This evidence, coupled with the minor nature of plaintiff's injuries, indicates the use of force was "applied in a good-faith effort to maintain or restore discipline" and not maliciously or sadistically to cause harm. *Hudson*, 503 U.S. at 6-7. Corrections officers do not violate a prisoner's Eighth Amendment rights when they use force "in a good-faith effort to maintain or restore discipline." *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). Deploying a short burst of pepper spray in response to an inmate who is disruptive and spitting at corrections officers is not disproportionate

9

to the need to control an unruly inmate and does not satisfy the subjective component of an Eighth Amendment claim. *See Jennings*, 93 F. App'x at 725 ("The videotape squarely demonstrates that Jennings disobeyed repeated direct orders prior to the use of pepper spray."); *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (collecting cases)); *Thompson v. Joseph*, No. 1:12-cv-992, 2014 WL 1685918, at *7 (S.D. Ohio Apr. 29, 2014) (Report and Recommendation) (Bowman, M.J.), *adopted*, 2014 WL 2172894 (S.D. Ohio May 23, 2014) (the defendant was entitled to qualified immunity because "no reasonable officer would have understood that it violated the Eighth Amendment to reactively aim chemical spray at Plaintiff in his cell for less than two seconds (based on the videotape record), in order to force a threatening inmate to retreat and restore order.")); *Easley v. Little*, No. 1:14-cv-891, 2016 WL 4006676, at *7 (S.D. Ohio 2016) ("A short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey an order.").

In addition, plaintiff has failed to present evidence creating a genuine issue of fact on the objective element of his excessive use of force claim. No reasonable jury could conclude that the "pain inflicted" by defendant Eaches was "sufficiently serious" to offend "contemporary standards of decency." *Cordell*, 759 F.3d at 585. "[W]here it is clear that some manner of threat by [an inmate] occasioned the briefest reactive use of pepper spray by a single prison guard, with no other force used by that guard or by anyone else, . . . the force used [i]s akin to a 'push or shove' that causes 'no discernible injury' and that falls short of what is required to state a valid Eighth Amendment claim." *Thompson*, 2014 WL 1685918, at *10. Plaintiff has failed to present medical evidence showing he experienced respiratory distress or that he had a medical condition making him particularly vulnerable to the use of pepper spray, as opposed to merely

experiencing discomfort "in the ordinary fashion of persons exposed to pepper spray." *Jennings*, 93 F. App'x at 724.

Accordingly, because plaintiff has failed to submit any evidence creating a genuine issue of fact as to whether defendants' use of force was reasonable under the circumstances, summary judgment should be granted in favor of defendants on plaintiff's Eighth Amendment excessive force claim.

## VI. Eighth Amendment Denial of Medical Care

### A. Legal Standard

To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, plaintiff must show that prison officials acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A constitutional claim for denial of medical care has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial

11

risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, the plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837.

### B. Resolution

Defendants move for summary judgment on plaintiff's Eighth Amendment denial of medical care claim. (Doc. 28 at 22-24, Doc. 51 at 15-19). Defendants maintain that they were not deliberately indifferent to plaintiff's medical needs. (Doc. 28 at 22, Doc. 51 at 15). Defendants state that the evidence establishes that plaintiff was offered decontamination and was seen by a nurse shortly after he was pepper sprayed. (Doc. 28 at 22-23, Doc. 51 at 15).

In response, plaintiff argues that he has satisfied the objective prong of an Eighth Amendment denial of medical care claim because he presented evidence of injuries that he suffered from the effects of the pepper spray, including a burning sensation all over his body and trouble breathing. (Doc. 36 at 10). Plaintiff contends that he has presented evidence satisfying the subjective prong, demonstrating that he was "thrown in a cell and denied medical treatment after being OC sprayed and left to suffer breathing problems and burning sensations and plaintiff notified defendants of his difficulty breathing after the pepper spray application but was denied." (*Id.*).

12

In this case, the record demonstrates no genuine dispute of fact as to whether defendants were deliberately indifferent to plaintiff's medical needs after the May 2, 2016 pepper spray incident. As a matter of law, plaintiff's declarations do not establish that he suffered from a "sufficiently serious" medical need as required for an Eighth Amendment violation. Plaintiff has not shown that any medical diagnosis made him particularly vulnerable to chemical agent exposure, nor has he established a serious medical need beyond the normal effects associated with pepper spray exposure. *See McGuire v. Union Cty. Jail*, No. 4: 13-cv-P28, 2013 WL 4520282, at *5-6 (W.D. Ky. Aug. 26, 2013) (plaintiff failed to show how complaints of eye burning and runny nose after being pepper sprayed rose to the level of a "sufficiently serious" medical need); *Censke v. Unknown Ekdahl*, No. 2:08-cv-283, 2009 WL 1393320, at *8 (W.D. Mich. May 18, 2009) (plaintiff's complaints of "burning in his nose, lungs, eyes and skin . . . do not constitute a serious medical need for purposes of the Eighth Amendment'); *Reeves v. Sweet*, No. 1:04-cv-605, 2005 WL 2417659, at *4 (W.D. Mich. Sept. 30, 2005) ("although [p]laintiff complains that he had breathing difficulties [after exposure to pepper spray], he has failed to present facts demonstrating that those difficulties were sufficiently different in degree or type from those experienced by others exposed to the spray, and he has asserted no adverse medical consequences from the exposure."). Moreover, the evidence submitted by defendants overwhelmingly establishes that plaintiff received medical care after the incident and were not deliberately indifferent to plaintiff's medical needs. Plaintiff was offered a shower to decontaminate after the incident, but he refused. (Defendant Haywood Incident Report, Doc. 28-1 at 7). Plaintiff visited Nurse Rayburn at 10:30 a.m. on May 2, 2016 and reported that he was "ok." (Medical Exam Report, Doc. 28-1 at 10). Nurse Rayburn noted that as a result of the pepper spray, plaintiff's eyes were red and watering, his face was flushed, and there was clear

nasal drainage, but otherwise, there were no other documented injuries. (*Id.*). Nurse Rayburn advised plaintiff to flush all irritated areas with water until irritation subsides and follow up with medical staff if needed. (*Id.*). Plaintiff was released to segregation. (*Id.*).

Plaintiff claims that he was not decontaminated or treated by Nurse Rayburn and that she falsified her medical exam report. (McDougald Declaration, Doc. 56 at 4). Plaintiff has failed to present evidence that Nurse Rayburn falsified any medical records in connection with the May 2016 incident. Plaintiff's allegations in this regard are speculative, which "does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995). Accordingly, because plaintiff has failed to establish a "sufficiently serious" medical need and that defendants were deliberately indifferent, summary judgment should be granted to defendants on plaintiff's Eighth Amendment denial of medical care claims.

## VII. First Amendment Retaliation-Show Cause Order

Federal Rule of Civil Procedure 56 allows a court to "consider summary judgment on its own after identifying for the parties material facts that may not genuinely be in dispute" and after giving notice and a reasonable opportunity to respond. Fed. R. Civ. P. 56(f)(3). In the Sixth Circuit, "[a] district court does not abuse its discretion in sua sponte granting summary judgment so long as the losing party was on notice that it had to come forward with all of its evidence [and had a] reasonable opportunity to respond to all the issues to be considered by the court." *Shaw v. Donahoe*, 605 F. App'x 494, 500 (6th Cir. 2015) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005)).

In view of the evidentiary materials produced in conjunction with this matter, the parties are **ORDERED** to show cause why summary judgment should not be granted for defendants on

14

plaintiff's First Amendment retaliation claim as it appears there is no causal connection between defendant Eaches' use of pepper spray and any protected conduct by plaintiff. The parties are ordered to respond to this Show Cause Order within twenty (20) days of the date of the filing of this Order.

## VIII. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motions for summary judgment (Docs. 28, 51) be **GRANTED**.

It is **ORDERED** that:

1. Plaintiff's motions to amend (Doc. 56) and supplement his response in opposition to defendants' motion for summary judgment (Doc. 55) are **GRANTED.**
2. Plaintiff's motions to supplement his response in opposition to defendants' motion for summary judgment (Docs. 37, 54) are **DENIED**.
3. Plaintiff's motion to proceed to judgment (Doc. 57) is **DENIED as MOOT**.
4. The parties, within **twenty (20) days** of the filing of this Order, **SHOW CAUSE WHY** summary judgment should not be granted for defendants on plaintiff's First Amendment retaliation claim as it appears there is no causal connection between defendant Eaches' use of pepper spray and any protected conduct by plaintiff.

Date: 8/17/18

Karen L. Litkovitz
United States Magistrate Judge

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff,

vs.

JEREMY EACHES, et al.,
Defendants.

Case No: 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).