# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERONE MCDOUGALD,
    Plaintiff,

    vs.

JEREMY EACHES, et al.,
    Defendants.

Case No. 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility

("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that

prison officials violated his First and Eighth Amendment rights in relation to an incident where

he was pepper sprayed. (Doc. 4). This matter is before the Court following its August 17, 2018

Show Cause Order.

As background, on August 17, 2018, the undersigned issued a Report recommending that

defendants' motions for summary judgment (Docs. 28, 51) be granted as to plaintiff's Eighth

Amendment excessive force and denial of medical care claims. As to plaintiff's First

Amendment retaliation claim, the undersigned ordered that the parties show cause, within twenty

days, why summary judgment should not be granted for defendants on this claim. On August 29,

2018, defendants filed a response to the Court's Show Cause Order. Although plaintiff has filed

several objections to the August 17, 2018 Report and Recommendation (Docs. 60, 61, 63),

plaintiff has not filed a specific response to the Show Cause Order within twenty days.

Nevertheless, the Court will consider plaintiff's arguments set forth in his briefs in opposition to

defendants' motion for summary judgment on his retaliation claim. (Doc. 36 at 9; Docs. 55, 56).

## I. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F.

Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

## II. Facts on plaintiff's First Amendment retaliation claim

Plaintiff alleges that on May 2, 2016, between 9:45 and 10:00 a.m., he was sitting in his K-2 cell reading when defendants Haywood, Eaches, and Grooms were escorting a fellow prisoner to that prisoner's cell. (Doc. 55-1, ¶ 3). Plaintiff states he was then "randomly selected and informed to cuff up by defendant Grooms." (*Id.*; Doc. 56, ¶ 2). Plaintiff states, "At this time I was cuffed up and walked out of my cell complying with all orders." (Doc. 55-1, ¶ 3). After plaintiff exited his cell, he was told to face the wall. (Verified Complaint, Doc. 4 at 6; Doc. 55-1, ¶ 3). Plaintiff alleges that defendant Haywood entered his cell and tore up some of his legal documents and threw some of his legal documents around. (Doc. 55-1, ¶ 3; Doc. 56 at ¶ 2). Plaintiff alleges he was told by defendant Grooms to go back into his cell and that once he reentered his cell, he "stuck [his] arms out through the cuff port" for uncuffing. (Doc. 4 at 6;

Doc. 55-1, ¶ 3). Plaintiff alleges that defendant Grooms started to "yank" his arms through the cuff port to unlock and remove the handcuffs. (*Id.*). Plaintiff alleges that defendant Eaches then sprayed him with pepper spray and stated, "This is for filing a lawsuit against my co-workers." (*Id.*). Plaintiff claims that he was eventually "cuffed back up" and "escorted to J-2 disciplinary housing on a false conduct report." (*Id.*).[1] Plaintiff brings a First Amendment retaliation claim based on these facts, alleging that defendants Eaches, Haywood, and Grooms took these actions against him on May 2, 2016 in retaliation for his having filed lawsuits against their fellow co-workers at SOCF. (Doc. 4 at 6).

## III. Resolution

A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct motivated the adverse action, at least in part. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (in turn quoting *Thaddeus-X*, 175 F.3d at 394)). Inmates have an undisputed First Amendment right to file grievances against prison officials on their own behalf. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, "conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to [establish] . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a

---

[1] As the Court has recommended that summary judgment be granted to defendants on plaintiff's Eighth Amendment denial of medical care claim (Doc. 58), the Court will not repeat facts related to this claim.

lawsuit against prison officials, will [establish] a cause of action for retaliatory treatment. Rather, the prisoner must [establish] a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). *See also Reyes v. Palmer*, No. 1:17-cv-755, 2017 WL 5166705, at *6 (W.D. Mich. Nov. 8, 2017).

Defendants argue that summary judgment should be granted in their favor because plaintiff's conclusory allegations of retaliatory motive are insufficient to establish retaliation under § 1983. (Doc. 59 at 6). Defendants state that plaintiff has not presented any evidence to support his retaliation claim. (*Id.* at 8). Defendants maintain that the pepper spray was deployed in an effort to restore order and to preserve penological interests after plaintiff became disruptive and attempted to spit on defendant Grooms. (*Id.* at 5-6).

As noted above, plaintiff has failed to properly respond to the Court's Show Cause Order. Nevertheless, his complaint alleges that after defendant Eaches deployed the pepper spray, he stated, "This is for filing a lawsuit against my coworkers." (Verified Complaint at 6; Doc. 55-1 at ¶ 3; Doc. 56 at ¶ 2). Plaintiff alleges that defendants Haywood, Grooms, and Eaches retaliated against him for his pending lawsuits against their coworkers in *McDougald v. Esham*, Case No. 1:16-cv-497 and *McDougald v. Mahlman*, Case No. 1:16-cv-317. (Doc. 36 at 9).

Taking the record as a whole, no rational trier of fact could find for plaintiff on his retaliation claim. *Matsushita*, 475 U.S. at 587. Plaintiff alleges that he was pepper sprayed by defendants because he filed two lawsuits against their coworkers: *McDougald v. Esham*, Case No. 1:16-cv-497 and *McDougald v. Mahlman*, Case No. 1:16-cv-317. However, plaintiff has presented no evidence that any of the defendants even knew about his previous lawsuits when he

was pepper sprayed on May 2, 2016. In fact, in one of those lawsuits, plaintiff's complaint was not even filed until *after* May 2, 2016, the day he was pepper sprayed. *See McDougald v. Esham*, Case No. 1:16-cv-497 (granting plaintiff's *in forma pauperis* motion on June 10, 2016, ordering the filing of the complaint, and ordering service of process on the defendants). In the other lawsuit, the summonses were not executed on defendants' coworkers – thereby giving them notice of the lawsuit – until *after* plaintiff was pepper sprayed on May 2, 2016. (Doc. 22: summons executed on one defendant on May 4, 2016 and on two defendants on May 16, 2016). Plaintiff has failed to present evidence establishing a chronology of events from which retaliation in this case could be inferred. *See Maston*, 832 F. Supp.2d at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment). *See also Rienholtz v. Campbell*, 64 F. Supp.2d 721, 732 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (claims of retaliation must include a "chronology of events from which retaliation may plausibly be inferred") (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Moreover, the Sixth Circuit has directed courts to look at the "totality of the circumstances to determine whether an inference of retaliatory motive can be drawn." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010). Given the timing of the pepper spraying incident on May 2, 2016, when defendant Eaches allegedly made his statement, the absence of any evidence that any of the defendants in this case could have known about plaintiff's previous lawsuits until after the date plaintiff was pepper sprayed, and the evidence presented by defendants that a short burst of pepper spray was deployed in response to plaintiff's disruptive behavior (*See* Doc. 58 at 9-10), no rational trier of fact could find a causal connection between plaintiff's protected activity and defendants' actions on May 2, 2016. Thus, because plaintiff has failed to submit any evidence creating a genuine issue of fact as to whether

defendants' actions on May 2, 2016 were motivated by anything other than plaintiff's disruptive behavior, summary judgment should be granted to defendants on plaintiff's First Amendment retaliation claim.

## IV. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Summary judgment be **GRANTED** to defendants on plaintiff's First Amendment retaliation claim and this case be **CLOSED** on the docket of this Court.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: ___10/2/18___

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERONE MCDOUGALD,
    Plaintiff,

    vs.

JEREMY EACHES, et al.,
    Defendants.

Case No: 1:16-cv-900
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).