UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERONE MCDOUGALD,<br>Plaintiff/Appellant<br><br>vs.<br><br>JEREMY EACHES, et al.,<br>Defendants. | Case No. 1:16-cv-900<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff Jerone McDougald, an inmate at the Southern Ohio Correctional Facility and frequent filer in this Court,[1] has filed a prisoner civil rights action under 42 U.S.C. § 1983. On November 1, 2018, the Court entered a final Order and Judgment granting defendants' motion for summary judgment. (Docs. 65, 66). Plaintiff/appellant filed several post-judgment motions that were also denied. Thereafter, plaintiff/appellant filed a notice of appeal and motion for leave to appeal *in forma pauperis*. (Docs. 80-81).

Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should be denied on the ground that plaintiff/appellant is prohibited from obtaining pauper status on appeal pursuant to

---

[1] As of this date, plaintiff has filed over 20 cases in the Southern District of Ohio. *See McDougald v. Erdos*, 1:19-cv-107 (TSB: SKB) (S.D. Ohio Feb. 11, 2019); *McDougald v. Eddy*, 2:19-cv-257 (TSB; SKB) (S.D. Ohio Jan. 25, 2019); *McDougald v. Smoot*, 1:19-cv-50 (SJD; KLL) (S.D. Ohio Jan. 22, 2019); *McDougald v. Bear*, 1:18-cv-498 (TSB; KLL) (S.D. Ohio July 23, 2018); *McDougald v. Erdos*, 1:18-cv-135 (MRB; SKB) (S.D. Ohio Feb. 23, 2018); *McDougald v. Clagg*, 1:18-cv-93 (TSB; SKB) (S.D. Ohio Feb. 9, 2018); *McDougald v. Eaches*, 1:18-cv-80 (MRB; SKB) (S.D. Ohio Feb. 5, 2018); *McDougald v. Erdos*, 1:17-cv-464 (MRB; SKB) (S.D. Ohio July 10, 2017); *McDougald v. Dillow*, 1:17-cv-196 (MRB; KLL) (S.D. Ohio Mar. 27, 2017); *McDougald v. Dunlap*, 1:17-cv-127 (MRB; SKB) (S.D. Ohio Feb. 24, 2017); *McDougald v. Bear*, 1:17-cv-124 (MRB; SKB) (S.D. Ohio Feb. 21, 2017); *McDougald v. Erdos*, 1:17-cv-95 (SJD; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Sammons*, 1:17-cv-91 (MRB; SKB) (S.D. Ohio Feb. 10, 2017); *McDougald v. Lt. Stone*, 1:17-cv-72 (SJD; SKB) (S.D. Ohio Feb. 1, 2017); *McDougald v. Dillow*, 1:16-cv-1099 (MRB; SKB) (S.D. Ohio Nov. 23, 2016); *McDougald v. Eaches*, 1:16-cv-900 (SJD; KLL) (S.D. Ohio Sept. 6, 2016); *McDougald v. Davis*, 1:16-cv-633 (SJD) (June 10, 2016); *McDougald v. Davis*, 2:16-cv-545 (GCS; KAJ) (S.D. Ohio June 10, 2016); *McDougald v. Ahmad*, 1:16-cv-500 (SJD; SKB) (S.D. Ohio Apr. 28, 2016); *McDougald v. Esham*, 1:16-cv-497 (SJD; KLL) (S.D. Ohio Apr. 27, 2016); *McDougald v. Mahlman*, 1:16-cv-317 (TSB; SKB) (S.D. Ohio Feb. 16, 2016); *McDougald v. Timberlake*, 1:08-cv-744 (MRB; JGW) (S.D. Ohio Oct. 29, 2008).

1

the "three strikes" provision set forth in 28 U.S.C. § 1915(g). A prisoner's right to proceed *in forma pauperis* has been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. McDougald is prohibited by § 1915(g) from proceeding *in forma pauperis* on appeal in this case because three prior complaints filed by him while he has been a prisoner were dismissed with prejudice for failure to state a claim upon which relief may be granted. *See McDougald v. Sammons*, Case No. 1:17-cv-91 (Barrett, J.; Bowman, M.J.) (S.D. Ohio Feb 10, 2017) (Doc. 7, 10, 11) (dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)); *McDougald v. Stone*, Case No. 1:17-cv-72 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Feb. 1, 2017) (Doc. 5, 17, 20, 26, 27) (dismissal for failure to state a claim upon which relief may be granted); *McDougald v. Ahmad*, Case No. 1:16-cv-500 (Dlott, J.; Bowman, M.J.) (S.D. Ohio Apr. 28, 2016) (Doc. 27, 34, 35) (dismissal for judgment on the pleadings for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)). The previous three dismissals for failure to state a claim upon which relief may be granted prevent Mr. McDougald from obtaining pauper status in the instant action.

In view of his three "strikes," Mr. McDougald may not proceed *in forma pauperis* on appeal unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which

applies to prisoners who are "under imminent danger of serious physical injury." "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315. *See also Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (finding that the prisoner appellant was not entitled to pauper status on appeal where he failed to establish that he faced imminent danger of serious physical injury at the time the appeal was filed).

Plaintiff/appellant has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he filed his notice of appeal, which would enable him to proceed on appeal *in forma paupers* despite his prior three strikes. Without factual elaboration, plaintiff/appellant claims he has been denied medical treatment for breathing issues stemming from being sprayed with "deadly amounts of OC spray" and is suffering vision issues and severe headaches. (Doc. 81 at PageID 486). The undersigned notes that plaintiff/appellant currently has at least seven cases pending in which he claims that he is in imminent danger based on death threats by other defendants and/or generalized lack of medical care claims. *See* Case Nos. 16-317 (Doc. 120: "I am constantly being subject to death threats and being denied medical."), 16-1099 (Doc. 69 at PageID 491) ("I have been the subject of death threats by defendants Bauer, Osborne, Rogers, Dillows"), 17-95 (Doc. 53 at PageID 305) ("plaintiff has been threatened with death by Lt. Kyer . . . along with being the subject of excessive force denial of medical treatment and being subject to cold air from the intentional opening of the windows outside my cell"), 17-464 (Doc. 41 at PageID 218) ("I have been threatened with death by Defendant Williams and her co-workers . . . and been subject to

retaliation and excessive force and the denial of medical treatment."), 18-498 (claiming to be "the subject of death threats daily with the most recent death threats occurring on January 3, 2018 by c/o Lafferty and c/o Late."), 19-50 (Doc. 1 at PageID 9–10) (claiming imminent danger based on death threats from Brian Barney and based on the denial of medical treatment), and 19-107 (Doc. 1 at PageID 12) (claiming imminent danger based on the denial of medical treatment related to OC spray).[2]

In one of plaintiff/appellant's cases, the Court recently denied plaintiff/appellant's motion to amend his complaint to include allegations of imminent danger and denied petitioner's motion for leave to proceed *in forma pauperis*. Specifically, plaintiff/appellant sought to amend the complaint to include allegations that he was denied mental health treatment and was sprayed "with a deadly amount of OC spray on Oct. 15, 2018, and denied medical treatment." *See McDougald v. Ms. Salyers*, 1:18-cv-523 (S.D. Ohio Feb. 1, 2019) (Doc. 7). These are the same allegations plaintiff/appellant raises in the instant Notice of Appeal.[3] (*See* Doc. 81). The Court denied plaintiff/appellant's motions, reasoning as follows:

> With regard to Mr. McDougald's allegations, the Court concludes that the failure to provide medical treatment for the alleged October 15, 2018 "deadly amount of OC spray" did not exist at the time of McDougald's July 30, 2018 complaint, and is, therefore, not an appropriate amendment to the instant action. Accordingly, his request to amend his complaint to include this allegation is denied.
>
> The Court has no doubt that Mr. McDougald struggles with mental health challenges and in obtaining the best possible treatment for those challenges. However, viewed in context with his Complaint in this case and with the allegations contained in many of his prior lawsuits in the Southern District of Ohio, the Court

---

[2] *See also* Case No. 2:19-cv-257 (alleging that he is in imminent danger as a result of being denied medical care following "numerous head, face fracture injuries, hand, mouth, nose injuries, shoulder injuries, in which resulted in emergency hospitalization in the Ohio State University Medical Center").

[3] In that case, plaintiff/appellant also alleged that the defendants threatened to kill him on several occasions. *See* Case No. 18-523 (Doc. 6 at PageID 38).

4

finds that the allegations are insufficient to allow a court to draw reasonable inferences that the danger presently exists. Accordingly, Mr. McDougald's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) is **DENIED**.

*McDougald v. Ms. Salyers*, No. 1:18-cv-523 (S.D. Ohio Feb. 1, 2019) (Doc. 7 at PageID 45).

Plaintiff/appellant's motion for leave to appeal *in forma pauperis* should similarly be denied in this action. First, the Court finds plaintiff/appellant's self-serving and conclusory allegations that the defendants to virtually all of his pending lawsuits have threatened him with death incredible and otherwise insufficient for the Court to reasonably infer that petitioner is under imminent danger. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible).") (quoting *Rittner v. Kinder*, 290 F. App'x 796, 798 (6th Cir. 2008)). Unsupported, vague, and conclusory allegations of verbal threats are insufficient to satisfy the imminent danger exception. *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (denying imminent danger exception because the plaintiff's pleading was "largely a collection of vague and utterly conclusory assertions"); *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception). Second, consistent with the Court's February 1, 2019 Order in Case Number 1:18-cv-523, plaintiff/appellant's unrelated allegations concerning the use of OC spray on October 15, 2018 and the alleged denial of medical treatment do not permit the Court to reasonably infer that plaintiff/appellant is currently under threat of imminent danger.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed on appeal *in forma pauperis* (Doc. 80) be **DENIED.**

Date: 4/4/19

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERONE MCDOUGALD,
Plaintiff/Appellant

vs.

JEREMY EACHES, et al.,
Defendants/Appellees.

Case No. 1:16-cv-900

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).